Ahren A. Tiller Esq. [SBN: 250608]
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
SUSANA GONZALEZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA GONZALEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., and DOES 1-10, inclusive<br><br>　　　　Defendant(s), | Case No.: **'18CV0211 L    JMA**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. SUSANA GONZALEZ (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against CITIBANK, N.A. (hereinafter referred to as "CITI" or "Defendant"), and DOES 1-10, inclusive, (hereinafter referred to collectively as "Defendants") pertaining to actions by Defendant(s) to

unlawfully collect a debt allegedly owed by Plaintiff through the use of an Automated Telephone Dialing System and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereinafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also,

---

[1] CA Civil Code §§ 1788.1(a)-(b)

1. *Mims,* 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## SUMMARY OF FACTUAL ALLEGATIONS

7. On August 7, 2017, Plaintiff's Counsel sent a letter directing Defendant CITI to cease and desist from calling Plaintiff regarding a CITI Charge Card account issued by CITI, pursuant to the RFDCPA. In said Cease and Desist Letter, Plaintiff specifically revoked any previously provided consent to telephone Plaintiff on her cell phone through the use of an Automated Telephone Dialing System ("ATDS") as that term is defined in 47 U.S.C. §227(a)(1), and/or an artificial and/or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. §227(b)(1)(A).

8. Despite Plaintiff's clear request in writing for Defendant CITI to cease calling Plaintiff's cell phone, and her clear revocation of any and all consent to call her via an ATDS and/or Recorded Voice, CITI has called Plaintiff's cellular telephone

repeatedly through the use of an ATDS and/or Recorded Voice, often 1-5 times almost every day since in violation of both the RDFCPA and TCPA.

9. Plaintiff answered some of these telephone calls and multiple times informed CITI's representatives orally that she had retained counsel and revoked any prior consent to call her cell phone via an ATDS and/or recorded message and/or automated voice.   Despite the August letter from Counsel and Plaintiff's multiple oral requests to cease calling, CITI's collection calls to Plaintiff continued unabated.

10. Therefore, on November 13, 2017, Plaintiff's counsel sent out a second Cease and Desist letter to CITI via facsimile.  In said November 13, 2017 Cease and Desist letter, Plaintiff's Counsel once again informed CITI that Plaintiff was represented by counsel and therefore CITI should cease calling her, pursuant to the RFDCPA, and also in said letter specifically revoked any prior given consent to call Plaintiff through the use of an ATDS and/or recorded voice.

11. Despite the second letter and oral revocation of consent to call Plaintiff, Defendant CITI has continued calling plaintiff in violation of the RFDCPA and TCPA 1-5 times per day, almost every single day, for almost 6 months.

12. On November 21, 2017, Plaintiff's Counsel sent a third cease and desist letter to CITI.  This third cease and desist letter was sent to CITI via facsimile using an alternative publicly available fax number owned by CITI not used in the prior letters.

13. On November 21, 2017, Plaintiff's Counsel sent a fourth cease and desist letter to CITI.  This fourth cease and desist letter was sent to CITI via facsimile using another publicly available alternative fax number owned by CITI, and Plaintiff's Counsel also sent said 4th letter via U.S. Mail to CITI's address listed on Plaintiff's statements.  Despite four letters, and multiple oral notices to cease calling Plaintiff, Defendant CITI has called Plaintiff's cellular telephone over 200

times approximately, since August 7, 2017.  The majority of these collection calls contained a recording sent using an ATDS and/or Recorded Voice.  The magnitude and frequencies of these calls have deprived Plaintiff of the use of her cell phone, and caused her emotional distress.

## JURISDICTION AND VENUE

14. This action is based on Defendants' violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section § 227, et. seq.

15. This Court has jurisdiction over each defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

16. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

17. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

19. On information and belief, Plaintiff alleges that Citibank, N.A. ("CITI"), is the successor to Citibank South Dakota, N.A., and a subsidiary of its parent, Citigroup, Inc.  CITI is, and at all times mentioned herein was, chartered as a

national bank, with its primary business address in South Dakota, and doing business throughout the country, including this District. A significant portion, if not a majority, of CITI's business operations are dedicated to servicing debt, including consumer credit card debt. Part of Citibank's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due debts.

20. Defendant CITI, and at all times mentioned herein was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

21. Defendant CITI regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

22. Defendant CITI collects debts on behalf of itself for defaulted consumer loans and credit cards, and other similar obligations. Defendant CITI collects on those consumer debts owed to it through the mail, electronic communication, and the telephone. Therefore, Defendant CITI is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

23. At all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A).

24. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

25. Plaintiff incorporates by reference and realleges Paragraphs 1-24 above as if fully stated herein.

26. Plaintiff previously held a CITI Charge Card Credit account with Defendant CITI.  Plaintiff made payments toward the credit account, but eventually fell on financial hardship and was unable to maintain the regular monthly payments.

27. Upon going into default, agents for CITI called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice.  The calls were incessant and were usually scheduled by the computer program to call Plaintiff and leave multiple Recorded Voice messages for her to call CITI back, often 1-5 times per day, almost every single day.

28. Plaintiff sought out and retained Bankruptcy Law Center, APC to represent her with regards to the debt that CITI was collecting on.

29. On August 7, 2017, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendant CITI ("Cease and Desist Letter").

30. In the August 7, 2017 Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name, and the last four digits of her social security number.  In the Cease and Desist Letter, Plaintiff's Counsel further explained that demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.   The letter revoked consent to contact Plaintiff by any fashion, which included via calling her with the use of an Automated Telephone Dialing System and/or Recorded Voice.

31. On August 7, 2017, Plaintiff's Counsel sent the Cease and Desist Letter referenced in paragraph 29 above to CITI via facsimile to a fax number: 877-825-1726.

32. 877-825-1726 is a fax number owned and operated by CITI.

33. After CITI received the Cease and Desist Letter, whereby they were informed by her Counsel to cease calling Plaintiff, CITI or its agents, or representatives, continued to make multiple collection calls to Plaintiff's cellular telephone using an Automated Dialing System and/or Recorded Voice from CITI's telephone numbers that shows up on a recipient's caller ID as belonging to Defendant CITI.

34. Further, on multiple occasions in August and September of 2017, Plaintiff picked up these collection calls from CITI and informed a representative of CITI that Plaintiff had retained counsel and wished for them to cease calling her.  In said telephone calls, Plaintiff orally revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.   Despite said telephone calls, CITI continued to call Plaintiff, sometimes as frequently as 5 times per day.

35. On information belief, CITI, or its agents or representatives, contacted Plaintiff on her cellular telephone over 100 times from August 7, 2017 through November 13, 2017, through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

36. On November 13, 2017, in response to CITI refusing to comply with Plaintiff's Counsel's prior August 7, 2017 cease and desist letter as well as Plaintiff's multiple oral requests to cease calling her, Plaintiff sent a second cease and desist letter dated November 13, 2017 to CITI via facsimile.

37. In the November 13, 2017 Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name, the last four digits of her social security number.  In the Cease and Desist Letter, Plaintiff's Counsel further explained that demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.

38. The November 13, 2017 Cease and Desist Letter sent by Plaintiff's Counsel to

CITI was sent via facsimile to another fax number: 877-825-1726.

39. The phone number: (877) 825-1726 is another facsimile number owned, operated or accessible by CITI.

40. CITI received the Cease and Desist Letter via facsimile on November 13, 2017. A true and correct copy of the fax confirmation is below:

| 11/13/2017 0 | 18778251726 | 01:15 | 2 | | Gonzalez, Sus | Citibank | atiller@blc-sd. | Completed |

41. A true and correct copy of the November 13, 2017 Cease and Desist letter sent to CITI via facsimile is listed below:



**BLC LAW CENTER**
A Professional Corporation

Brian J. McGoldrick, Esq
Ahren A. Tiller, Esq.
Carolina K. Tiller, Esq.

1230 Columbia St., Ste 1100
San Diego, CA 92101
Ph.: 619-894-8831
Fax: 866-444-7026
www.blc-sd.com

Scott N. Orona, Esq.
Brett F. Bodie, Esq.
Anika M. Renaud-Kim, Esq.

November 13, 2017

**SENT VIA FACSIMILE TO:**

Citibank  877-825-1726

**Re: Susana Gonzalez (x6674)**

TO WHOM IT MAY CONCERN:

Please be advised that Mrs. Gonzalez has retained Bankruptcy Law Center, APC to represent them with respect to any debt(s) with Citibank and end creditor communications.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Mr. or Mrs. Gonzalez. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Susana Gonzalez is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to Citibank and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Bankruptcy Law Center, APC subsequent to 10/27/17. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c) is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in

1

> the ordinary course of business to a debtor's inquiry.
>
> Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client. Please also be advised that if it was not already clear, any alleged consent given by our Client to be contacted by you in any way is hereby revoked. If you are using an autodialer or similar device, this is express revocation of any prior consent to be contacted by phone, text, or other method.
>
> Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Citibank to actual damages, statutory penalties, attorney fees, and costs.
>
> Please feel free to direct any questions or concerns to the undersigned.
>
> *[signature]*
>
> Ahren A. Tiller
> Attorney At Law
> Consumer Bankruptcy Law Specialist
> American Board of Certification

42. Despite receiving the November 13, 2017 letter listed above in paragraph 41 above, CITI still continued to call Plaintiff's cellular phone continuously, often 3-5 times per day using an ATDS and/or pre-recorded voice message.

43. On November 17, 2017, Plaintiff's Counsel in response to CITI disregarding his two (2) prior cease and desist letters, sent a similar 3rd cease and desist letter to CITI at their fax number: 714-364-6207.

44. The fax number: 714-364-6207 is a fax number owned and operated by CITI.

45. A copy of the fax confirmation showing CITI received the Plaintiff's Counsel's third cease and desist letter dated November 17, 2017 is listed below:

| 11/17/2017 03 | 17143646207 | 01:19 | 2 | | Gonzalez, Susan | Citibank 2nd Fa | atiller@blc-sd.c | Completed |

46. After receipt of the 3rd Cease and Desist Letter dated November 17, 2017, representatives of CITI continued to call Plaintiff's cellular phone via the use of an ATDS and/or Pre-Recorded Voice message.

47. On November 21, 2017, Plaintiff's Counsel in response to CITI disregarding his

three (3) prior cease and desist letters, sent a similar 4th cease and desist letter to CITI at their fax number: 605-330-6750. Said number is a fax number owned and operated by CITI. Further, Plaintiff's Counsel sent said fourth letter via U.S. First Class mail as well to: Citibank at: P.O. Box 6500, Sioux Falls, SD, 57117. Said mailing address is a P.O. Box owned and accessible by CITI.

48. A copy of the fax confirmation showing CITI received the Plaintiff's Counsel's fourth cease and desist letter dated November 21, 2017 is listed below:

| 11/21/2017 12 | 16053306750 | 04:44 | 2 | | | | atiller@blc-sd.c | Completed |
|---|---|---|---|---|---|---|---|---|

49. Despite receiving four (4) separate cease and desist letters from Plaintiff's Counsel, and despite being informed orally on multiple occasions that Plaintiff had retained counsel and she no longer consented to have CITI call her cell phone, the collection calls to Plaintiff's cell phone made by CITI using an ATDS and/or Recorded Voice continued unabated.

50. Since November 13, 2017, CITI has called Plaintiff an additional 100+ times through the use of an ATDS and/or Pre-Recorded Voice, despite being notified in writing on over six (6) separate occasions to cease said conduct through faxed letters, mailed letters, and orally via telephone.

51. To date, CITI has called Plaintiff over 200+ times, despite receiving irrefutable notice that Plaintiff had revoked consent to call her cell phone by any means and that she had retained Counsel regarding this alleged debt.

52. These collection calls were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

53. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called the Plaintiff at certain

times from random numbers, usually multiple times a day with varying call times.

54. Further, a majority of these calls contained an Artificial or Recorded Voice ("Recorded Voice") message as that term is defined in 47 U.S.C. 227(b)(1)(A).

55. CITI left multiple recorded voicemail messages on Plaintiff's cellular telephone. CITI left approximately 100 of the same prerecorded messages from a male voice with a British accent stating,

> *"[T]hank you for being part of the Citibank family.  We know you're busy, but if you could please just take a few minutes to log in at: www.citicards.com to review your account status it would be appreciated.  If you would prefer to call us, please feel free to, as it is always great to get a chance to speak with one of our valued clients. Our toll free number is 1-800-388-2200. Once again, thank you for being a valued CitiBank customer."*

56. CITI's calls to Plaintiff after receiving receipt of the August 7, 2017 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).  The Plaintiff's four (4) Cease and Desist Letters dated August 7, 2017; November 13, 2017; November 17, 2017; and November 21, 2017 respectively, expressly revoked Defendant's consent to call her via an ATDS and/or Recorded Voice.

57. Additionally, Plaintiff revoked CITI's alleged consent to call her cellular phone orally via the telephone on multiple occasions.

58. The multiple calls made by Defendant or its agents after August 7, 2017, were therefore made in violation of 47 U.S.C. § 227(b)(1).

59. Further, when Plaintiff answered the telephone, Defendants were rude, abusive,

and aggressive when they called to collect from Plaintiff. They would rebuke her requests to cease calling and have continued to harass Plaintiff to date, despite her repeated oral and written requests to cease their harassment. On one instance, in the morning of November 28, 2017, during a collection call, whereby Plaintiff informed a representative of CITI that she had retained Counsel and to cease calling her, the representative stated he would continue to call Plaintiff and even threatened to take funds out of her Bank of America checking account without her consent. These interactions and unlawful debt collection practices caused emotional distress to Plaintiff.

60. Plaintiff has received so many collection calls by Defendant that her voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of her cell phone plan.

61. Upon information and belief, CITI regularly makes autodialed telephone calls with Recorded Voices in order to collect on its claims.

62. Upon information and belief, CITI's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

63. Upon information and belief, the telephone equipment used by CITI to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

64. CITI's collection calls to Plaintiff describe herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

65. CITI's collection calls to Plaintiff describe herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

66. CITI placed the collection calls described herein to a telephone number assigned

to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

67. CITI's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that CITI repeatedly interrupted Plaintiff with unwanted call using an ATDS and/or Recorded Voice for collection purposes.

68. Through CITI's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

69. CITI's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

70. CITI continues to call and harass Plaintiff despite written instructions that she has retained counsel and to cease all further contact with Plaintiff.

71. In total, Plaintiff has received at minimum over 200 collection calls from CITI through the use of an ATDS and/or Recorded Voice, after CITI was notified on August 7, 2017, in writing, three (3) more subsequent times in writing, and also orally instructing Plaintiff to cease all further contact and revoking consent to call her via the use of an ATDS or Recorded Voice.

72. As a result of CITI's relentless and harassing collection calls and letters, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

73. These calls have consumed her day and have caused a severe disruption to her life, due to their severe frequency.

74. As a direct and proximate result of the aforementioned harassment committed by Defendants, Plaintiff has suffered emotional distress.

# CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## (CAL. CIV. CODE § 1788.14(c))

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 74, inclusive, as if fully set forth.

76. When Plaintiff's Counsel sent the Cease and Desist Letter to CITI on August 7, 2017, and the three (3) subsequent letters, as well as when Plaintiff informed CITI in August of 2017 orally that she had retained Counsel, Defendant CITI was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding this debt.

77. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

78. By calling Plaintiff on her telephone over 200 times after the August 7, 2017

receipt of the Cease and Desist Letter, and the three (3) subsequent letters from Plaintiff's Counsel, CITI violated Cal. Civ. Code §1788.14(c).

79. As a result of the constant collection calls from CITI, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by CITI are overwheling.  Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

80. Therefore, as a direct and proximate result of the extreme amount of calls, totaling in excess of 200 collection calls, the Plaintiff has suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

81. Plaintiff realleges and incorporates by reference Paragraphs 1 through 80, inclusive, as if fully set forth.

82. On August 7, 2017, and again on November 13, 2017, November 17, 2017, and November 21, 2017, Plaintiff revoked CITI's consent in writing, to call her on her cellular telephone via the use of an ATDS and/or Recorded Voice.

83. The foregoing acts and omissions of CITI constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

84. As a result of CITI's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

85. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

# III.

# THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

86. Plaintiff realleges and incorporates by reference Paragraphs 1 through 85, inclusive, as if fully set forth.

87. The foregoing acts and omissions of CITI constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.* Plaintiff did not just send one letter, yet rather Plaintiff's Counsel sent four (4) separate Cease and Desist Letters to 4 separate fax numbers owned by CITI. Further, Plaintiff mailed a letter to CITI, and informed CITI representatives on multiple occasions orally to cease calling her as she had retained counsel regarding this alleged debt and thereby revoked any prior consent to call her. Therefore, since CITI continued to call Plaintiff despite indisputably being informed to not call Plaintiff through six (6) different means, CITI's acts were willful.

88. As a result of CITI's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

89. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant(s) herein, respectfully request this Court enter a Judgment against Defendant(s) as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

e. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over 200 knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), totaling in excess of $300,000.00, pursuant to 47 U.S.C. §227(b)(1); and

f. For such other and further relief as the Court may deem just and proper.

Dated: January 30, 2018        By:     /s/ Ahren A. Tiller_____
                                       Ahren A. Tiller, Esq.
                                       Bankruptcy Law Center, APC
                                       Attorneys for Plaintif

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: January 30, 2018            By:    /s/ Ahren A. Tiller
                                          Ahren A. Tiller, Esq.
                                          Bankruptcy Law Center, APC
                                          Attorneys for Plaintiff